### AGREEMENT BETWEEN PUBLISHERS UPHELD.

Court of Appeals for Coshocton County.

THE AGE PUBLISHING CO. v. THE TIMES PUBLISHING CO.

Decided, 1914.

*Contracts—Not in Restraint of Trade, When—Newspaper Publisher Withdraws From the Evening Field for a Consideration.*

An agreement was entered into between two corporations owning newspapers, both published in the evening in the same city, that in consideration of a sum of money specified and to be paid in due course one of said publications should be changed from an evening to a morning paper, and further that for a period named the said company would not again enter the evening newspaper field in that city. )

*Held:* That the contract was not in restraint of trade, and an action lies for damages on account of its breach.

*C. R. Bell,* for plaintiff in error.
*W. S. Merrell,* contra.

SHIELDS, J.; VOORHEES, J., and POWELL, J., concur.

This case comes into this court upon a petition in error and a cross-petition in error on the part of the defendant in error. The plaintiff in error complains because the court below erred in dismissing its petition, and the defendant in error complains because said court erred in refusing to grant the relief prayed for in its cross-petition.

In its petition filed in the court below the plaintiff alleged, in substance, that both it and the defendant at the time of the commencement of the proceedings herein were engaged in publishing evening newspapers in the city of Coschocton, Ohio—the newspaper published by the plaintiff being known as the Coshocton *Age,* and the newspaper published by the defendant being known as the Coshocton *Times*; that both the plaintiff and defendant are corporations under the laws of Ohio, doing business in the city of Coshocton, Ohio; that on the 28th day of March, 1912, said companies entered into a certain contract in writing whereby the defendant in error, defendant below, for a valuable consideration to be paid it by the plaintiff in error, plaintiff below, agreed that not later than April 16, 1912, it would cease to publish its said newspaper as an evening newspaper and would publish it as a morning newspaper, and that it would not return to the evening field or publish its said newspaper as an evening newspaper for a period of at least two years; that the defendant failed to carry out the terms of said contract and committed a breach thereof in returning to the evening field and publishing the said Coshocton *Times* as an evening newspaper on or about January 1, 1913, contrary to the terms of said contract, and ever since said time the said the Coshocton *Times* has continued to be published as said evening newspaper, to the damage of the plaintiff in the sum of $1,000; for which said sum judgment is prayed for against the defendant.

To this petition the defendant filed an answer and cross-petition, and for answer admits that said companies on March 28,

1912, were engaged in publishing newspapers in Coshocton, Ohio, as set forth in said petition; that on said date said companies entered into a contract in writing whereby the defendant for a valuable consideration to be paid to it by plaintiff agreed that it would commence not later than April 16, 1912, to issue its daily newspaper in the morning instead of in the evening, and would not return to the evening field before at least two years from the date of said contract, and it denies all the other allegations of said petition.

By way of cross-petition the defendant set forth therein a copy of said contract by the terms of which the plaintiff agreed to pay the defendant for said change in the publishing of its newspaper from an evening to a morning publication the sum of $1,000, of which said sum the sum of $83.33 was to be paid on the execution of said contract, and $83.33 was to be paid on the first day of each of the succeeding eleven months until said full sum of $1,000 was paid, said installments not to bear interest until due, and all payments to be made at the Coshocton National Bank in Coshocton, Ohio; that the defendant on the said 16th day of April, 1912, commenced to issue its newspaper in the morning instead of the evening and so continued until December 9, 1912, when it sold all of its property and assets, except accounts and contracts, to Edward Compton and John W. McDowell, and since that time it has not published any newspaper of any kind, and the defendant says it has thereby fully complied with all the terms and conditions of said contract on its part to be performed; that the plaintiff has paid on said contract the sum of $666.64, leaving due and unpaid thereon the sum of $333.36, payable in four separate monthly installments of $83.33 each, with interest as set forth in said cross-petition, and asked judgment therefor.

A demurrer was filed to the second defense and cross-petition of the defendant set up in its answer, for the reason that the same does not state facts sufficient to constitute a defense in law. This demurrer searches the record and of course reaches back and tests the sufficiency of the petition.

The view we take of this case renders it unnecessary to consume much time in disposing of it on demurrer. Considering

the allegations of the petition in connection with the manifest object of the two companies entering into said contract, as disclosed by the terms of said contract, we are at a loss to see wherein said contract is in general restraint of trade within the intent and meaning of the anti-trust law. Under the terms of said contract said publications were to be and were issued daily as theretofore as long as the Coshocton *Times* continued to be published by the defendant in error with no diminution to its patrons in the matter of advertisement or otherwise. True, under the contract made, no interest in or good will of this publication passed to the Age Publishing Company, the sole object of said contract being that the Coshocton *Age* retained the evening field and the Coshocton *Times* occupied the morning field, the object and effect being in no wise to stifle competition, but simply to enhance the business interest of each publication. While contracts in general restraint of trade are to be regarded as contrary to public policy and therefore void, we are not prepared to say that the contract made between the parties hereto is of that character, and we therefore hold that the court below erred in holding that said petition was demurrable. This view of the case also disposes of the demurrer to the cross-petition.

The judgment of the court below in sustaining said demurrer is reversed and said cause is remanded to said court for further proceedings according to law. Plaintiff will be granted leave to file a reply in thirty days from this date. Exceptions may be noted on behalf of both parties hereto.