`                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-4409
_____

MATTHEW GLENN FULLEN,
                              Appellant

v.

COMMISSIONER OF SOCIAL SECURITY

_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
(D.C. Civ. Action No. 2-15-cv-00675)
District Judge: Honorable Donetta W. Ambrose
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
July 10, 2017
_____

Before: GREENAWAY, JR., SHWARTZ and RENDELL, *Circuit Judges*.

(Opinion Filed: September 11, 2017)

_____

OPINION*
_____


GREENAWAY, JR., *Circuit Judge*.

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Matthew Glenn Fullen ("Fullen") appeals the decision of the District Court affirming the determination of the Commissioner of Social Security (the "Commissioner") that Fullen is not entitled to Supplemental Security Income ("SSI") under Title XVI of the Social Security Act ("the Act"). For the following reasons, we will affirm the District Court's judgment.

## I. BACKGROUND

Fullen applied for SSI on April 6, 2012, alleging disability based on hidradenitis suppurativa,[1] pilonidal cyst, depression, social anxiety, body irritations from clothing/skin lesions, and methicillin-resistant staphylococcus aureus ("MRSA"). **App. 142, 147.** He claimed he had been unable to work since September 29, 2011. **App. 147.** Fullen's application was initially denied on July 16, 2012, **App. 65–69,** and he requested a hearing, which was held on September 5, 2013, before an administrative law judge ("ALJ"), **App. 74, 26.** The ALJ issued a decision on November 26, 2013, denying Fullen's claim. **App. 20.** The ALJ determined that Fullen would be capable of

---

[1] Hidradenitis suppurativa is:

> [A] chronic suppurative and cicatricial disease of the apocrine gland-bearing areas, chiefly the axillae (especially in young women) and anogential region (especially in men), which is caused by occlusion of the pores with secondary bacterial infection of apocrine sweat glands. It is characterized by the development of one or more tender red abscesses that enlarge and eventually break through the skin, yielding purulent or seropurulent drainage. Healing occurs with fibrosis, and recurrences lead to sinus tract formation and progressive scarring.

*Hidradenitis suppurativa*, *Mosby's Medical, Nursing, & Allied Health Dictionary* (6th ed. 2002).

performing work that exists in significant numbers within the national economy, and thus was not disabled under the Act.[2] **App. 20.**

Fullen sought review of the decision before the Appeals Council. **App. 6–7.** That request was denied, making the ALJ's decision the final decision of the Commissioner. **App. 1–3.** Having exhausted all of his administrative remedies, Fullen filed a complaint in the United States District Court for the Western District of Pennsylvania seeking review of the Commissioner's decision. Both parties filed motions for summary judgment, and the District Court granted the Commissioner's motion, finding no error that required remanding the case. **Dist. Ct. Op. 10.** Fullen filed a timely notice of appeal.

## II.    JURISDICTION

The District Court had jurisdiction pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). We have jurisdiction pursuant to 28 U.S.C. § 1291.

---

[2] A person is disabled within the meaning of the Act if they are unable "to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. § 416.905(a). The Commissioner determines whether an individual is disabled by following a five-step sequential process detailed in 20 C.F.R. § 416.920. The process requires an ALJ to decide whether an applicant (1) is engaged in "substantial gainful activity;" (2) suffers from a "severe medically determinable physical or mental impairment;" (3) suffers from "an impairment(s) that meets or equals one" listed in the regulation's appendix; (4) has a residual functional capacity ("RFC") allowing for performance of "past relevant work;" and (5) can "make an adjustment to other work." *Id.* § 416.920(a)(4)(i)–(v). *See also Rutherford v. Barnhart*, 399 F.3d 546, 551 (3d Cir. 2005).

3

**III.    STANDARD OF REVIEW**

We employ a plenary standard when reviewing the District Court's judgment, *see Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 359 (3d Cir. 2011), but review the Commissioner's decision for substantial evidence, 42 U.S.C. § 405(g). Substantial evidence "is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Chandler*, 667 F.3d at 359 (quoting *Reefer v. Barnhart*, 326 F.3d 376, 379 (3d Cir. 2003)). "It is more than a mere scintilla of evidence but may be less than a preponderance." *Newell v. Comm'r of Soc. Sec.*, 347 F.3d 541, 545 (3d Cir. 2003).

**IV.    ANALYSIS**

Fullen presents two issues on appeal. He claims that the ALJ failed to properly consider whether his hidradenitis suppurativa meets or equals Listing 8.06. He also claims that the ALJ failed to properly evaluate his mental impairments. For the reasons set forth below, we disagree and will affirm the District Court.

**A.    Listing 8.06–Hidradenitis Suppurativa**

The ALJ followed the five-step sequential process detailed in 20 C.F.R. § 416.920, finding that Fullen suffered from severe impairments at step two.[3] However, the ALJ concluded that Fullen "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR [sic]

---

[3] The ALJ determined that Fullen suffered from the following severe impairments: "hidradenitis suppurativa; chronic pilonidal cyst/abscess, status post excision; intermittent skin infections; hypertension; questionable restrictive ventilator defect/suspected chronic obstructive pulmonary disease ('COPD'); morbid obesity; major depressive disorder, moderate; dysthymia; recurrent adjustment disorder with mild depression, secondary to physical conditions." App. 13.

[§] Part 404, Subpart P, Appendix 1." App. 13. Thus, Fullen was not per se disabled, and further analysis was required. Fullen argues that the ALJ erroneously concluded that his condition does not meet Listing 8.06 for hidradenitis suppurativa, and that the ALJ's failure to address the Listing with any particularity demonstrated a lack of meaningful analysis, as required by *Burnett v. Comm'r of Soc. Sec.*, 220 F.3d 112, 119 (3d Cir. 2000). We do not find this argument persuasive.

The *Burnett* standard "does not require the ALJ to use particular language or adhere to a particular format in conducting his analysis." *Jones v. Barnhart*, 364 F.3d 501, 505 (3d Cir. 2004). As long as an ALJ provides a sufficient explanation of findings to permit a meaningful review, he or she has satisfied the *Burnett* standard. *Id. See also Diaz v. Comm'r of Soc. Sec.*, 577 F.3d 500, 504 (3d Cir. 2009).

Here, the ALJ did more than provide a "conclusory statement . . . beyond meaningful judicial review." *Burnett*, 220 F.3d at 119. While the ALJ does not discuss Listing 8.06 specifically, he does state that he "appropriately evaluated medical and other evidence pertaining to the claimant's medically determinable impairments in conjunction with all relevant severity criteria contained within the 3.00 Respiratory System, 4.00 Cardiovascular System, 8.00 Skin Disorders and 12.00 Mental Disorders . . . series of listed impairments." App. 13. This statement is supported by the ALJ's analysis at step four. At that point, the ALJ, "[a]fter careful consideration of the entire record," determined the limitations on Fullen's RFC.[4] App. 14. In reaching his conclusion, the

_____

[4] The ALJ concluded that Fullen could perform:

5

ALJ analyzed Fullen's skin conditions specifically. For instance, the ALJ noted that while Fullen "has a history of stage II hidradenitis suppurativa and intermittent skin infections[,] . . . the treatment notes indicated on March 13, 2013, that he was doing well on clindamycin and Rifampin" before detailing that Nabil Jabbour, M.D., found Fullen's "hidradenitis [suppurativa] was only mild to moderate." App. 15–16.

*Jones* establishes that we must review the ALJ's decision "as a whole," and that "*Burnett* does not require the ALJ to use particular language or adhere to a particular format." *Jones*, 364 F.3d at 505. In this case, like *Jones*, the ALJ's decision, read as a whole, illustrates that the ALJ's conclusion that Fullen did not meet the requirements for any Listing within section 8.00 addressing skin disorders, including Listing 8.06, was supported by substantial evidence.[5] *Id.*

---

sedentary work as defined in 20 CFR [sic] [§] 416.967(a) except with the following limitations: the claimant requires a sit/stand option without breaking task and is able to sit, stand and walk for at least 20 minutes each before having to change position; can perform postural movements occasionally, except cannot climb ladders, ropes or scaffolds; to the maximum extent possible, should do all walking on level and even surfaces; should not do any outdoor work; should have no concentrated exposure to temperature extremes, wet or humid conditions, environmental pollutants or hazards; should work in a low stress environment with no production line or assembly line type of pace, no independent decision-making responsibilities, and minimal changes in the daily work routine; is limited to unskilled work involving only routine and repetitive instructions and tasks; and should have no interaction with the general public and no more than occasional interaction with co-workers and supervisors.

App. 14–15.

[5] While we find that the opinion, read as a whole, provides sufficient detail to permit our meaningful review of the ALJ's conclusions, we reiterate that the better course of action, particularly in a case where a claimant's condition is explicitly referenced in the Listings, is for the ALJ to specifically discuss the relevant Listing.

6

While Fullen argues that "the ALJ's own RFC determination confirms that Fullen has serious limitations ambulating and walking due to skin lesions caused by hidradenitis suppurativa," Appellant's Br. 32, the ALJ actually detailed Fullen's dermatological background, and "found it reasonable to conclude that [Fullen's] symptoms are not as severe as alleged," App. 16. However, in determining Fullen's RFC, the ALJ "accorded [Fullen] the utmost benefit of the doubt and accommodated for his subjective complaints by limiting the claimant to sedentary work and providing a sit/stand option in addition to postural and environmental limitations." App. 16. This statement does not mean, as Fullen alleges, that "the ALJ's decision, when read as a whole, simply cannot be reconciled with Listing 8.06."[6] Appellant's Br. 32. Because the ALJ's analysis of the record as a whole permitted meaningful judicial review, thus not violating *Burnett*, and substantial evidence supports the ALJ's findings, remand is not warranted on this issue.

## B.  Weight of Dr. Melissa Albert's Evidence

Fullen also argues that the ALJ did not assign appropriate weight to the opinion of Fullen's treating psychiatrist, Melissa Albert, M.D., who completed a Medical Impairment Questionnaire and an Assessment of Ability to Do Work-Related Activities (the "Questionnaire"). We disagree.

The ALJ accorded Dr. Albert's "opinion significant weight," App. 16, noting that she "served as the claimant's treating physician, and . . . she had a greater understanding

---

[6] Fullen argues that because he has a history of hidradenitis suppurativa, which is specifically listed, he is per se disabled, and the ALJ did not need to further analyze Fullen's condition. This argument ignores the remaining requirements set forth in Listing 8, such as duration and severity, which the ALJ properly considered.

7

of the claimant's medical picture, and thus, some of her opinions are more probative" than the State agency medical consultant, App. 18. The only parts of Dr. Albert's opinion that the ALJ discounted were that Fullen "would often have concentration, persistence or pace deficits," and that Fullen experienced "any episodes of decompensation at all." App. 16. Those claims are only "checked" in the form reports, and are not supported by Dr. Albert's treatment notes. The ALJ accommodated for all other parts of Dr. Albert's opinion in the RFC. *Id.* Fullen argues that this partial reliance fails to give Dr. Albert's opinion appropriate weight.

*Morales v. Apfel* requires that "the ALJ accord treating physicians' reports great weight," but there is no requirement to accept those opinions if they are not supported by sufficient evidence in the record. 225 F.3d 310, 317 (3d Cir. 2000). *See* 20 C.F.R. § 404.1527(d)(2) (explaining that the Commissioner looks to medical opinions to provide evidence, but "the final responsibility for deciding [whether an impairment meets or equals an impairment in the Listing] is reserved to the Commissioner"); *Id.* § 404.1527(b) ("In determining whether [a claimant is] disabled, [the Commissioner] will always consider the medical opinions in [the] case record together with the rest of the relevant evidence."). The ALJ gave those parts of Dr. Albert's opinion that were supported by the record great weight. The ALJ also considered Dr. Thomas E. Andrews's opinion. Dr. Andrews, a consulting physician, concluded that Fullen's pace and persistence were within normal limits.

Additionally, the record does not support a conclusion that Fullen experienced multiple periods of decompensation. The ALJ discounted this portion of Dr. Albert's

8

testimony because the notes from Fullen's ten appointments with Dr. Albert all indicate no change from his usual demeanor. App. 506-30. Nowhere, other than on the Questionnaire, does Dr. Albert cite an instance of decompensation. *See Mason v. Shalala*, 994 F.2d 1058, 1065 (3d Cir. 1993) ("Form reports in which a physician's obligation is only to check a box or fill in a blank are weak evidence at best."). Consequently, the ALJ did not "reject evidence for no reason or for the wrong reason." *Id.* at 1066 (quoting *Cotter v. Harris*, 642 F.2d 700, 707 (3d Cir. 1981)). Based on the ALJ's appropriate weighing and assessment of the evidence from Dr. Albert, remand is not warranted on this issue.

## V.  CONCLUSION

For the foregoing reasons, we will affirm the judgment of the District Court.